UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                                :
APLUS SUNOCO,                   :
                                :   Civ. A. No. 10-4941 (NLH)(AMD)
            Plaintiff,          :
                                :
       v.                       :
                                :   OPINION
MID-ATLANTIC REGION RETAILER    :
COMPLIANCE CENTER, USDA, FNS    :
and UNITED STATES DEPARTMENT    :
OF AGRICULTURE (USDA), FOOD     :
& NUTRITION SERVICES,           :
                                :
            Defendants.         :
_____
```

**APPEARANCES:**

David J. Khawam, Esq.
Sentry Office Plaza
Suite 604
216 Haddon Ave.
Westmont, NJ 08108

     *Counsel for Plaintiff*

Irene E. Dowdy,
    Assistant U.S. Attorney
Office of the US Attorney
401 Market Street
Fourth Floor
P.O. Box 2098
Camden, NJ 08101

     *Counsel for Defendants*

**<u>HILLMAN, District Judge</u>:**

In this case, Plaintiff, Aplus Sunoco, seeks review of a decision by the United States Department of Agriculture, Food and Nutrition Service (hereinafter, "USDA"), in which the USDA found that Plaintiff committed violations of the Supplemental Nutrition

Assistance Program (hereinafter, "SNAP"), formerly known as the
Food Stamp Program.  Presently before the Court is a motion filed
by Defendants, the USDA and the Mid-Atlantic Region, Retail
Compliance Center, seeking dismissal of Plaintiff's complaint for
improper service of process and lack of personal jurisdiction
pursuant to FED. R. CIV. P. 4(m), 12(b)(2) and 12(b)(5).
Defendants move for dismissal because Plaintiff failed to timely
and properly effectuate service of process.  The Court has
considered the parties' submissions, and for the reasons that
follow Defendants' motion to dismiss is denied without prejudice.

I.   **BACKGROUND**

Plaintiff operates a gas station and convenience store in
Salem, New Jersey.  (Compl. ¶¶ 1, 2.)  By letter dated September
24, 2008, Plaintiff was notified by the USDA Compliance Center
that Plaintiff was charged with accepting food stamp benefits in
exchange for merchandise that included non-food items.  (Id. at
¶¶ 3, 4.)  Plaintiff was disqualified from the USDA's SNAP
program for a six-month period.  (Id. at ¶ 5.)  Plaintiff sought
administrative review of the Compliance Center's initial
decision.  (Id. at ¶ 6.)  By written decision dated September 7,
2010, the USDA concluded that the evidence "indicate[d] that the
program violations at issue did, in fact, occur at Aplus Sunoco"
and that the imposition of a six-month disqualification penalty
was proper.  (Compl., Ex. 1 at 1.)  The decision also advised

Plaintiff of its right to seek judicial review within thirty days
of receipt of the USDA's decision.  (Id. at 6.)

On September 24, 2010, Tejinder Singh, who represents that
he is the president of the Plaintiff corporation, filed a pro se
complaint on behalf of Plaintiff requesting that the Court set
aside the decision of the USDA so that Plaintiff could continue
as an authorized dealer of food stamps.[1]  (Compl. ¶ 10.)  On the
same date, a summons was issued by the Clerk's Office, with the
directive that Plaintiff was to "fill out Defendant and
Plaintiffs['] attorney information and serve."  (Docket Entry 3,
Sept. 24, 2010.)

As of March 11, 2011, however, Plaintiff had not served
Defendants in accordance with Rule 4(m) of the Federal Rules of
Civil Procedure.  (Order, Mar. 11, 2011.)  The Court entered an
Order requiring Plaintiff to serve Defendants and to file proof
of service on the docket within twenty days.  (Id.)  The Order
further stated that if Plaintiff failed to file proof of service
within twenty days, the complaint would be deemed withdrawn.
(Id.)

Defendants represent that they were not served with process
within the time period set forth in the March 11, 2011 Order.

---

1.  On March 10, 2011, Plaintiff was advised via docket notation
that a corporation must be represented by counsel.  On May 13,
2011, David J. Khawam, Esquire entered an appearance as counsel
for Plaintiff.

3

(Decl. of AUSA Irene E. Dowdy ¶¶ 4, 5.)  Consequently, they filed a motion to dismiss the complaint for Plaintiff's failure to make timely and effective service of process.  Defendants represent that a copy of the complaint was received by a USDA Field Office on September 29, 2010, but a summons was not mailed with the complaint.  (Id. at ¶ 2.)  The United States Attorney's Office was purportedly advised of the action by the USDA in mid-November 2010.  (Id.)  AUSA Dowdy represents that on December 8, 2010, she sent a letter to Mr. Singh advising him that his attempted service on Defendants did not comply with the Federal Rules of Civil Procedure.  (Id., Ex. A.)  The letter further provided guidance as to the proper procedure to effect service of process. (Id.)

Plaintiff purportedly did not attempt to correct the deficiencies in service set forth in the December 8, 2010 letter. (Def.'s Mem. in Supp. of Mot. to Dismiss 8.)  Defendants contend that Plaintiff's failure to timely serve them with process warrants dismissal of this action, particularly given that Plaintiff was advised in December 2010 of the service issues and did not attempt at that time to properly complete service of process.  (Id.)

In opposition, Plaintiff represents that when notified of the service deficiencies, it attempted to obtain counsel but was unable to retain an attorney at that time for financial reasons.

4

(Aff. of David J. Khawam, Esq. in Supp. of Mot. ¶ 3.)  After contacting an attorney referral service, Plaintiff retained an attorney and counsel entered an appearance on May 13, 2011.  (<u>Id.</u> at ¶¶ 5,6.)  Plaintiff now seeks an opportunity to amend the complaint and effectuate proper service of process on Defendants. (Pl's Br. in Opp. to Mot. to Dismiss (hereinafter, "Pl.'s Br.") 3.)

Defendants contend in their reply brief that Plaintiff fails to demonstrate good cause for the failure to properly and timely serve process.  (Defs.' Ltr. Br. 1, June 13, 2011.)  Defendants assert that neither Mr. Singh's lack of knowledge as to the proper procedure for service, nor his inability to retain counsel until April 2011, excuses the failure to comply with the court rules concerning service of process.  (<u>Id.</u> at 2.)

## II.  DISCUSSION

### A.  Jurisdiction

This Court has jurisdiction under 28 U.S.C. § 1331, which allows the Court to hear matters arising under the laws of the United States, and Section 14 of the Food and Nutrition Act of 2008, 7 U.S.C. § 2023, which provides for federal judicial review of a final determination by the USDA in connection with the SNAP program.

### B.  Analysis

When a plaintiff fails to serve a defendant with a summons

and complaint in accordance with Rule 4 of the Federal Rules of
Civil Procedure, the action may be dismissed under Rule 12(b)(2)
for lack of personal jurisdiction, or under Rule 12(b)(5) for
insufficient service of process.  Plaintiff, the party
responsible for effecting service, has the burden of
demonstrating the validity of service.  Grand Entm't Group, Ltd.
v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993).  The
procedure for effecting proper service of process upon an agency
of the United States, such as the USDA, is set forth in Fed. R.
Civ. P. 4(i)(2), which states as follows:

> To serve a United States agency or
> corporation . . . a party must serve the
> United States and also send a copy of the
> summons and of the complaint by registered or
> certified mail to the agency, corporation,
> officer or employee.

Fed. R. Civ. P. 4(i)(2).

Service upon the United States, in turn, requires delivery
of a copy of the summons and complaint "to the United States
attorney for the district where the action is brought – or to an
assistant United States attorney or clerical employee whom the
United States attorney designates in writing filed with the court
clerk." Fed. R. Civ. P. 4(i)(1)(A)(i).  Alternatively, a party
may send a copy of the summons and complaint by registered or
certified mail to the civil-process clerk at the United States
Attorney's office.  Fed. R. Civ. P. 4(i)(1)(A)(ii).  In addition,
to complete service upon the United States, a party must send a

copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C. FED. R. CIV. P. 4(i)(1)(B).

The time limit for completing service of process in accordance with the above procedure is set forth in Rule 4(m) of the Federal Rules of Civil Procedure, which requires service of process within 120 days of the filing of the complaint, unless the Court grants an extension of time. FED. R. CIV. P. 4(m).[2]  In considering whether an extension of time is warranted, the Court must first determine whether there is good cause for an extension.  Id.; see also Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995).

If good cause exists, then the Court must grant an extension of time to serve process.  Petrucelli, 46 F.3d at 1305.  If the Court does not find good cause, the Court must then consider whether in its discretion an extension of time should be granted. Id.  When the Court does not grant an extension of time to complete service of process, the action must be dismissed without prejudice against the defendant who was not timely served.  Id.;

2.  Rule 4(i)(4) also addresses extensions of time for service of process and provides, in relevant part, that the Court must grant an extension of time to serve a person required to be served under FED. R. CIV. P. 4(i)(2), provided that the party has served either the United States Attorney or the Attorney General of the United States.  FED. R. CIV. P. 4(i)(4)(A).  Plaintiff may not avail itself of this rule because, as discussed below, Plaintiff did not attempt to serve either the United States Attorney or the Attorney General of the United States.

see also FED. R. CIV. P. 4(m).

In this case, Plaintiff failed to complete service of process on Defendants within 120 days of the filing of the complaint, and the Court granted Plaintiff additional time to serve Defendants. (Order, Mar. 11, 2011.) Plaintiff does not dispute that it failed to serve Defendants within the extended time period permitted by the Court. Plaintiff attempts to excuse such failure by arguing that it did not have an attorney at the time Mr. Singh filed the complaint on Plaintiff's behalf. (Pl.'s Br. 2.)

In determining whether good cause exists for extending Plaintiff's time to serve process, the Court notes that the Third Circuit equates "good cause" under Rule 4(m) with "the concept of 'excusable neglect' of Federal Rule of Civil Procedure 6(b)(2), which requires 'a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'" MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995) (quoting Petrucelli, 46 F.3d at 1312), cert. denied, 519 U.S. 815, 117 S. Ct. 64, 136 L. Ed. 2d 25 (1996). The Court may consider such factors as the "'(1) reasonableness of plaintiff's efforts to serve (2) prejudice to the defendant by lack of timely service and (3) whether plaintiff moved for an enlargement of time to serve.'" Okagbue-Ojekwe v. Fed. Bureau of

Prisons, Civ. A. No. 03-2035, 2010 WL 3947528, at *2 (D.N.J. Oct. 7, 2010) (quoting MCI Telecomm. Corp., 71 F.3d at 1097).

The Court does not find good cause for an extension of time to complete service of process in this case, as Plaintiff fails to establish a good faith basis for believing that process had been properly served, or any other reasonable basis for failing to timely serve Defendants.  A docket notation entered in September 2010 advised Plaintiff of the need to complete and serve the summons issued by the Court, yet there is no evidence that Plaintiff made any effort to do so.  Plaintiff represents that it mailed only copies of the complaint to Defendants via United States Postal Service priority mail.  Plaintiff, however, was expressly informed by Defendants in December 2010 that such efforts did not satisfy the service requirements of the Federal Rules of Civil Procedure.

Additionally, the Court entered an Order on March 11, 2011 which indicated that Plaintiff had not timely served process.  It does not appear that Plaintiff attempted to correct the service deficiencies following receipt of Defendants' December 2010 letter, or in response to the Court's March 11, 2011 Order. Although Plaintiff was a pro se litigant at the time, any failure by Plaintiff to read or understand the court rules is not a reasonable basis for Plaintiff's failure to provide timely service.  See Okagbue-Ojekwe, 2010 WL 3947528, at *2 ("The

9

complete ignorance of Fed.R.Civ.P. 4 does not constitute
sufficient good cause to excuse insufficient service and justify
an extension to serve.") (citations omitted).  Additionally,
Plaintiff did not request an extension of time to complete
service of process until Defendants filed the present motion.
Under these circumstances, the Court finds no basis to conclude
that good cause warrants an extension of time to serve process.

Notwithstanding the lack of good cause, the Court in its
discretion will grant Plaintiff an extension of time to serve
process.  The Court, in deciding whether to grant a discretionary
extension of time, may consider, inter alia, whether the statute
of limitations would bar a re-filed action, whether the defendant
is evading service, or whether the defendant conceals a defect in
attempted service.  Petrucelli, 46 F.3d at 1305-06; see also Cain
v. Abraxas, 209 Fed. Appx. 94 (3d Cir. 2006) (although good cause
did not exist for extension of time to serve process, district
court abused discretion in failing to consider whether other
factors warranted denying motion to dismiss, including pro se
status of plaintiff and fact that statute of limitations had run
on claim).  The Court may also consider any prejudice to the
defendant and whether the defendant received actual notice of an
action.  Boley v. Kaymark, 123 F.3d 756, 759 (3d Cir. 1997).

If the Court grants Defendants' motion and dismisses the
complaint without prejudice, Plaintiff would be barred from

seeking judicial review of the USDA's decision because the thirty day time frame to file a complaint has now expired.  This factor weighs in favor of granting a discretionary extension of time to serve process.  The Court also notes that Defendants do not address whether a discretionary extension is warranted, nor do they cite any prejudice that would arise from a further extension of time.  Defendants concede that they have had a copy of the complaint since November 2010, and they do not assert that witnesses are no longer available, that evidence has been destroyed, or that they are otherwise precluded from defending the case on the merits at this time.

Furthermore, although Plaintiff's <u>pro se</u> status does not excuse its failure to comply with the service rules, the Court notes that Mr. Singh apparently filed the case without the benefit of counsel to preserve Plaintiff's right of judicial review, as Plaintiff was required to file suit within thirty days of receipt of the USDA's written decision.  Plaintiff represents that upon receipt of the December 2010 letter from defense counsel stating that Plaintiff must be represented by counsel, Plaintiff began to search for counsel and Mr. Khawam has now entered an appearance as Plaintiff's attorney.  Mr. Khawam represents that he seeks to amend the complaint, serve Defendants in accordance with the court rules, and proceed with this action on the merits.  In consideration of all of these factors, the

Court finds that a discretionary extension is appropriate.

**III.  CONCLUSION**

Having determined that an extension of time is warranted under the circumstances, the Court denies without prejudice Defendants' motion to dismiss and grants Plaintiff a twenty day extension of time to complete service of process.  An Order consistent with this Opinion will be entered.


Date: October 7, 2011                  s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.