**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| APLUS SUNOCO,<br>            Plaintiff,<br><br>            v.<br><br>MID-ATLANTIC REGION RETAILER<br>COMPLIANCE CENTER, USDA, FNS<br>and UNITED STATES DEPARTMENT<br>OF AGRICULTURE (USDA), FOOD<br>& NUTRITION SERVICES,<br><br>            Defendants. | Civ. A. No. 10-4941 (NLH)(AMD)<br><br><br>**OPINION** |

**APPEARANCES:**

David J. Khawam
Sentry Office Plaza
Suite 604
216 Haddon Ave.
Westmont, NJ 08108

   *Counsel for Plaintiff*

Irene E. Dowdy
Office of the US Attorney
401 Market Street
Fourth Floor
P.O. Box 2098
Camden, NJ 08101

   *Counsel for Defendants*

**HILLMAN, District Judge**

    Before the Court is the motion of Defendants Mid-Atlantic Region Retailer Compliance Center and the United States Department of Agriculture, Food and Nutrition Service (hereinafter "USDA") to dismiss Plaintiff's complaint for

1

improper service.  Plaintiff has not opposed Defendants' motion.  For the reasons expressed below, Defendants' motion is granted and this action is dismissed.

## I. BACKGROUND

### A.   Factual Background

As described at length in the Court's prior opinion, Plaintiff operates a gas station and convenience store in Salem, New Jersey.  On September 24, 2008, the USDA Compliance Center notified Plaintiff that it was charged with accepting food stamps in exchange for improper merchandise.  Plaintiff was therefore temporarily disqualified from the USDA's Supplemental Nutrition Assistance Program (hereinafter, "SNAP").  Plaintiff sought administrative review and on September 7, 2010, the USDA affirmed the prior imposition of a six-month disqualification penalty.  The decision also advised Plaintiff of its right to seek judicial review within thirty days of receipt of the USDA's decision.

### B.   Procedural Background

On September 24, 2010, Tejinder Singh, president of the Plaintiff corporation, filed a <u>pro</u> <u>se</u> complaint requesting that the Court set aside the decision of the USDA.[1]  (Compl. ¶ 10.)  On the same date, a summons was issued by the Clerk's Office

---

1.  On March 10, 2011, Plaintiff was advised via docket notation that a corporation must be represented by counsel.  On May 13, 2011, David J. Khawam, Esq. entered an appearance as counsel.

2

directing Plaintiff to "fill out Defendant and Plaintiffs['] attorney information and serve." The USDA advised the United States Attorney's Office of the action in mid-November 2010. On December 8, 2010, Assistant U.S. Attorney Irene Dowdy sent a letter to Mr. Singh advising him that his attempted service on Defendants did not comply with the Federal Rules of Civil Procedure, and provided guidance as to the proper procedure to effect service of process. On March 11, 2011, the Court entered an Order: 1) noting that the Plaintiff's allotted 120 days in which to effect proper service had elapsed, and 2) requiring Plaintiff to serve Defendants and file proof of service within twenty days.

Defendants represented that they were not properly served within those twenty days, and on April 22, 2011, they filed a motion to dismiss the complaint. On May 13, 2011, David J. Khawam, Esq. entered an appearance as counsel for Plaintiff and filed an opposition to Defendants' motion to dismiss. Counsel explained that Plaintiff's reasons for lacking counsel were financial in nature, and he sought an extension to properly serve Defendants and for leave to file an amended complaint.

On October 11, 2011, the Court denied Defendants' motion to dismiss without prejudice, and granted Plaintiff another extension of 20 days in which to effect proper service. At Plaintiff's request, this Court extended the time for completion

3

until November 7, 2011, on which date Plaintiff filed proof of his purported service of his amended complaint. Defendants filed the instant motion to dismiss arguing that Plaintiff has again failed to effect proper service.

**II. DISCUSSION**

    **A.  Jurisdiction**

This Court has jurisdiction under 28 U.S.C. § 1331 since this matter arises under the laws of the United States, and Section 14 of the Food and Nutrition Act of 2008, 7 U.S.C. § 2023, which provides for federal judicial review of a final determination by the USDA in connection with the SNAP program.

    **B.  Analysis**

Plaintiff has been provided with three opportunities to effect proper service, yet Plaintiff has still failed to do so. Because Plaintiff has not been able to properly serve his complaint in a case that has been pending for nearly two years, Plaintiff's complaint must be dismissed.

As explained in this Court's prior opinion, when a plaintiff fails to properly serve both a summons and complaint upon named defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure, the action may be dismissed under Rule 12(b)(2) for lack of personal jurisdiction, 12(b)(4) for insufficient process, or 12(b)(5) for insufficient service of

process.  The plaintiff is responsible for effecting service and has the burden of demonstrating its conformity with the Rules. Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993).

The procedure for effecting proper service on an agency of the United States requires the plaintiff to serve the United States and the agency itself.  Fed. R. Civ. P. 4(I).  Service upon the United States requires delivery of the "summons and ... complaint to the United States attorney for the district where the action is brought - or to an assistant United States attorney or {designated] clerical employee ... ."  Id.  According to Rule 4, the summons must be signed by the clerk of court and bear the court's seal.  Id.  Delivery by registered or certified mail to the Attorney General of the United States, and to the agency itself, is also required. Id.  This service must be made within 120 days of the filing of the complaint in accordance with Rule 4(m), unless service has been effectively waived or the Court grants an extension either for a showing of good cause or in its own discretion.  Id.

Additionally, Rule 4(i)(4) states, in relevant part, that the Court must allow a party a reasonable time to cure its failure to serve a United States agency, "if the party has [already] served either the United States attorney or the Attorney General." Id.  Properly serving a summons that does not

5

comply with Rule 4 for lack of signature or seal fails to confer personal jurisdiction, and a properly issued summons containing signature and seal fails to confer personal jurisdiction if service is not in compliance with the Rules.  Ayers v. Jacobs & Crumplar, P.A., 99 F.3d 565, 569-70 (3d Cir. 1996).

In the present case, Plaintiff and his counsel were given numerous extensions and detailed instructions as to the Rule 4 requirements.  First, defense counsel wrote to Mr. Singh on behalf of Defendants advising Plaintiff of the requirements set forth in Rule 4.  Second, this Court reiterated the rules in detail to Plaintiff in its opinion granting additional time.  In that opinion, the Court denied Defendants' first motion to dismiss and again extended the time for service because Plaintiff had obtained counsel.  The Court then extended the allotted time for proper service a third time at the request of Plaintiff's counsel.  On the final day for service, November 7, 2011, Plaintiff's counsel electronically filed the first page of a "Summons in a Civil Action" form.  In addition to being unsigned and undated, it had not been issued by the Clerk's office since it was not signed by the Clerk and it did not bear the Clerk's seal.  Additionally, this inadequate service was only sent to the US Attorney's Office and the Attorney General, and not to the

USDA as required by Rule 4.[2]

Even after being provided with multiple chances, Plaintiff has failed to effect proper and timely service on the Government. The Third Circuit has consistently affirmed dismissals of suits where plaintiffs repeatedly failed to obtain signed and sealed summonses after obtaining counsel and receiving time extensions. Mathies v. Silver [II], 2011 WL 5385754, *2 & n.2 (3d Cir. Nov. 8, 2011); Ayers, 99 F.3d at 569. As noted by the Court in Ayers, the failure of a plaintiff to obtain valid process from the court to provide it with personal jurisdiction over the defendant is fatal to the plaintiff's case. Ayers, 99 F.3d at 569, see also Fed. R. Civ. P. 4, Practice Commentary C4-4 (1992 & Supp. 1996).

## III. CONCLUSION

Having determined that no sufficient process or service of process has been effected on Defendants, and that no further extensions of time are warranted under the circumstances, this Court is without personal jurisdiction over Defendants.

---

2.  If the U.S. Attorney or Attorney General had been properly served, Rule 4 calls for granting Plaintiff a "reasonable time" in which to cure its failure to serve the relevant agency. Fed. R. Civ. P. 4(i)(4)(A)(in the event that a "party has served either the United States attorney or the Attorney General" in compliance with rule 4(i)(1)(A), the court must grant a reasonable amount of time for plaintiff to cure its failure and serve the defendant governmental agency). Because, however, neither the U.S. Attorney nor the Attorney General were properly served with a summons, Plaintiff may not avail itself of this rule.

Consequently, the Court must grant Defendants' motion to dismiss. An Order consistent with this Opinion will be entered.

Date: July 12, 2012                             s/ Noel L. Hillman
                                               NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey